## HATTIE B. RHODES, Respondent, v. WILLIAM B. RHODES, Appellant.

### Kansas City Court of Appeals, June 9, 1902.

1. **Divorce:** APPELLATE PRACTICE: WEIGHING EVIDENCE: ABSTRACT. On appeals in actions for divorce, the appellate court determines the facts for itself; and the abstract of record should set out the entire evidence so that the alleged errors may appear.

2. **Appellate Practice:** PRESUMPTION: DUTY OF APPELLANT. The rules of a trial court are presumed to be correct until the contrary is made to appear by the appellant.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Harris Robinson* for appellant.

Filed brief on merits.

*E. E. Steele* and *Robert Adams* for respondent.

(1) The appellant's abstract neither contains nor pretends to contain all the evidence in the case, and all presumptions are in favor of the finding of the trial court, and it should be affirmed. Nichols v. Nichols, 39 Mo. App. 291; Irvine v. Kearnes, 58 Mo. App. 254; Gunby v. Rogers, 42 Mo. App. 465; Toler v. McCabe, 52 Mo. App. 532; Costello v. Fesler, 80 Mo. App. 107; Craig v. Scudder, 98 Mo. 664; Brand v. Cannon, 118 Mo. 595.

ELLISON, J.—The plaintiff sued defendant for divorce on account of indignities and obtained a decree in the trial court. Defendant appealed to this court by what is termed the short form.

On appeals in actions for divorce, this court determines the facts for itself. In such cases it is apparent that this court must have before it all of the evidence given at the trial. It is as necessary for us to have the evidence complete as it is for the trial court, since we must weigh the evidence as if passing on all questions of fact originally. In this case there is but a short resume of the evidence presented in the abstract. Indeed, the testimony of some witnesses and some exhibits are omitted entirely; so that we are asked to pass upon the facts of a case established by evidence, about five-sixths of which is withheld from us.

The law is that the rulings, conclusions and judgment of the trial court are presumed to be correct until the contrary is made to appear by the appellant. The alleged errors of the trial court all relate to those things which evidence may or may not have shown the court's action to be correct. For instance, complaint is made of the court's action in admitting evidence of communications between plaintiff and defendant when third parties were not present. But yet the entire evidence, if it had been presented here, may have shown that the decree was for the right party without considering such communications.

The record proper shows no error. The petition, as amended, stated a cause of action and, on its face, disclosed jurisdiction. The judgment will therefore be affirmed. All concur.